CHARLES W. HUGHITT, Respondent, *v.* FRANK M. HAYES, Appellant.

While as a general rule in the administration of the estate of an insolvent debtor equality among creditors is equity, courts are not required to ignore the principle that only the balance, in case of mutual debts, is the real sum owing by or to the insolvent.

Claims will be regarded by a court of equity as due, notwithstanding the absence of a technical demand, when equitable considerations require that they shall be applied each to the other.

In the application of cross demands to the satisfaction of each other, the insolvency of one of the parties is a material circumstance, and although the debt owing by the insolvent may not be due, the creditor may waive the credit and a court of equity will then apply it upon the debt from the insolvent, if that has matured.

The F. N. Bank entered into an oral contract with plaintiff to sell him certain real estate for a price specified. Plaintiff took possession under the contract and made large and valuable improvements, with the knowledge and consent of the bank, which had authorized its cashier to execute a conveyance pursuant to the contract. Plaintiff had a deposit account with the bank; shortly before the failure he for the third time requested the cashier to execute the conveyance; this the latter promised to do without further delay. Thereafter plaintiff accumulated his deposits with intent to use the balance to his credit in paying for the land when the deed was delivered; this was known to the cashier. Plaintiff also, with the knowledge of the cashier, purchased a certificate of deposit issued by the bank with a view of applying it toward the payment. Plaintiff also did work and furnished materials for the bank, the account for which he rendered to it before the failure, and it was agreed that it should be adjusted on the final settlement for the purchase. Plaintiff, until the bank closed its doors, had no knowledge of its insolvency, or of any fact affecting its credit. In an action against the receiver of the bank for a specific performance, *held*, that plaintiff was entitled to the relief sought; and that he was entitled to be credited on the purchase price the balance due him on the deposit account, the amount of the certificate of deposit and of the account for work and materials.

(Argued October 28, 1892; decided November 29, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 23, 1892, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action against the receiver of the First National Bank of Auburn to obtain specific performance of a contract for a sale of certain real estate by said bank to plaintiff.

The facts, so far as material, are stated in the opinion.

*Frank C. Ferguson* for appellant. Assuming that there was a verbal contract, no reason was shown for decreeing specific performance of it. (Pom. Eq. Juris. § 1409; *Cagger* v. *Lansing*, 43 N. Y. 550; *Lowry* v. *Tew*, 3 Barb. Ch. 407; 2 Story Eq. Juris. 761; *Haight* v. *Child*, 34 Barb. 186.) Plaintiff should have failed in this action for the further reason that he made no tender or offer of performance before bringing suit. (*Hubbell* v. *Van Schoening*, 49 N. Y. 326, 331; *Leavid* v. *Smith*, 44 id. 618; *Van Campen* v. *Knight*, 63 Barb. 205.) Even if specific performance should be decreed of the alleged verbal contract of sale, the plaintiff clearly had no right to set off the full amount of his claim against the insolvent bank, of which the defendant is the receiver, against the resultant claim of the receiver upon him for the purchase price of the property. (*Freeman* v. *Hyett*, 1 Black, 394; *Robertson* v. *Lynch*, 18 Johns. 454; 1 Chitty on Pleading, 334; *Reppy* v. *Reppy*, 46 Mo. 571; *Claridge* v. *Klebt*, 15 Penn. St. 225; *McKinley* v. *Winstow*, 19 Ala. 301; *Jennings* v. *Webster*, 8 Paige, 503; *Holden* v. *Gilbert*, 7 id. 211; *Van Buren* v. *Gaasbeck*, 4 Cow. 496; *Cave* v. *Webb*, 22 Ala. 583; *Elder* v. *Lasswell*, 2 Blackf. 349.)

*W. E. Hughitt* for respondent. The debt from the bank was properly allowed against the purchase price of this lot. (*Richards* v. *La Tourette*, 119 N. Y. 54; *Smith* v. *Felton*, 43 id. 419.) Oral proof of an oral report of plaintiff's offer to the bank at a meeting of its directors was proper. The objection taken was premature as no facts assumed by the objection

then appeared. If the facts assumed subsequently appeared, a motion to strike out was the only proper way to raise the question. In fact the objection was waived. (*Bank* v. *Dandridge*, 12 Wheat. 64; *Partridge* v. *Badger*, 25 Barb. 147.)

ANDREWS, J. The findings by the referee; that an oral contract was entered into between the plaintiff and the bank in April, 1887, for the sale by the bank to the plaintiff of the premises in question for the sum of $3,150; that in June thereafter the plaintiff took possession under the contract and made large and valuable improvements upon the land with the knowledge and consent of the bank; that the bank authorized its cashier to execute a conveyance to the plaintiff pursuant to the contract; that prior to its failure the plaintiff requested the cashier to execute a conveyance, which was delayed from time to time without fault of the plaintiff; that the plaintiff, until the failure of the bank in 1888, was willing and ready to fulfill the contract on his part, and that after such failure he repeatedly requested the receiver to make such conveyance, and offered to perform the agreement on his part, with the proviso that the plaintiff's claims against the bank should be allowed and credited on the purchase price of the land, were not excepted to, and must, therefore, be taken as undisputed facts in the case.

The claim of the plaintiff to have the demands held by him against the bank at the time of its failure, applied in reduction of the purchase price of the land, presents the only question of any difficulty arising upon the record. The facts upon which the claim is based are also found, and are not challenged by any exception. At the time of the failure of the bank there was a balance in the bank to his credit as depositor upon an open account of $2,204.05, subject to his draft. He also held as assignee a certificate of deposit for $500, issued by the bank and payable on demand, and he had an account against the bank for $19.04 for money paid and for services and materials rendered and furnished at its request. By the judgment these several sums were directed to be

credited to the plaintiff on the purchase price of the property. The deposit account of the plaintiff with the bank commenced in 1887, and was drawn upon by the plaintiff from time to time in the usual course of business. Shortly before the failure of the bank the plaintiff, for the third time, requested the cashier to convey the land pursuant to the contract, and he promised to make the conveyance without further delay. Thereafter the plaintiff accumulated his deposits in the bank for the purpose and with the intention of using the balance to his credit in paying for the land when the deed should be ready for delivery, which purpose and intention was known to the cashier, but no application was in fact made, nor was any agreement made between the plaintiff and the bank that it should be so applied, or which would have prevented the plaintiff from applying the deposit to any other purpose. The plaintiff purchased the $500 certificate with the view of applying it towards the payment for the land, and before its purchase the cashier of the bank knew of the proposed purchase and of the purpose of the plaintiff, and assented thereto. The account of $19.04 was rendered by the plaintiff to the bank before its failure, and it was agreed between the plaintiff and the cashier, acting for the bank, that it should be adjusted on the final settlement for the purchase price of the land. It is not claimed that the plaintiff at any time prior to its open failure in 1887 knew of the insolvency of the bank, or of any fact affecting its credit.

We are of opinion that under equitable rules the plaintiff is entitled to have the several claims held by him against the bank at the time of its failure, applied as a credit on the purchase price of the land. The claim is resisted in behalf of the general creditors. It is not pretended that the general creditors relied in giving credit to the bank upon its ownership of the land in question, or upon the particular fund represented by the purchase price in the contract of sale. It is insisted that equity requires that the plaintiff should pay the purchase price of the land to the receiver and stand with the other creditors in respect to his claim against the bank, shar-

ing ratably with them in the distribution of the assets. But while it is the general rule in the administration of the estate of an insolvent, that equality among creditors is equity, it has never been decided either under the statute of set-off or by courts of equity in applying the doctrine of equitable set-off, that the rule of equality among creditors requires courts to ignore the principle that only the balance, in case of mutual debts, is the real sum owing by or to the insolvent.

In this case both the claims were liquidated or capable of ascertainment by mere computation. It is true that the bank could not have maintained an action to recover the price of the land, except upon formal tender of the conveyance, and technically its claim had not accrued. If nothing had occurred except the making of the oral contract, it could have been enforced by neither party. But the part performance had taken the case out of the statute and the plaintiff was entitled to enforce the contract, and without surrendering possession he could not question the right of the bank upon tendering a deed, to recover the purchase price. By taking possession and bringing the action he affirms the contract and admits his liability to perform it. Technically the debt owing by the plaintiff was not due when the bank failed, because the bank had not conveyed or offered a conveyance pursuant to the contract. So also the claim of the plaintiff against the bank on the deposit and certificate could not be enforced without demand before action brought, and no demand had been made. (*Downes* v. *Phœnix Bank*, 6 Hill, 297.) But claims in the eye of a court of equity will be regarded as due, notwithstanding the absence of a technical demand, when equitable considerations require that they shall be applied each to the other. (*Smith* v. *Felton*, 43 N. Y. 419; *Richards* v. *La Tourette*, 119 id. 54.) The natural equity that cross demands shall be applied to the satisfaction of each other, is the foundation of the statute of set-off, but equity adjudges such satisfaction in cases not within the statute, under limitations which are very clearly stated by the Chancellor in *Holbrook* v. *Receivers, etc.* (6 Pai. 220).

The insolvency of one of the parties is a material circumstance. There must be mutual debts and credits, and although the debt due to the insolvent may not be due, the creditor may waive the credit and a court of equity will then apply it upon the debt from the insolvent, if that has matured. In the present case the debts were not extinguished by agreement between the parties, but it is a strong equitable circumstance that it was understood between the plaintiff and the bank that the plaintiff was accumulating his deposit and that he was to purchase the certificate in anticipation of the payment he was to make upon the contract, and that acting upon this purpose he did permit the deposit to remain and purchased the certificate. It is urged that as the plaintiff is seeking a *specific* performance, he must tender specific performance on his side. In most cases of set-off there is a departure from the exact obligation of the respective parties. In case of set-off of mutual debts, neither party performs the specific obligation which he incurred.

The substance of the contract for the sale of the land was, that the bank should convey, and that the vendee should pay the agreed price. It is no departure from its essential character that the bank or its receiver should accept as payment the money already in its hands, or its indebtedness to him on a money demand.

We think the judgment below is justified by the principles of equity and it should therefore be affirmed.

All concur.

Judgment affirmed.