(8 App. Div. 40)

## CLUTE v. WARNER.

(Supreme Court, Appellate Division, Third Department.   July 7, 1896.)

SET-OFF—DEPOSIT AGAINST NOTE DUE INSOLVENT BANK.

Money on deposit in an insolvent bank at the time the receiver was appointed may be set off against a note of the depositor held by the bank, though the note was not due when the receiver was appointed, and though it had been pledged by the bank as collateral security for a debt, but such debt had been paid, and the note returned to the bank before its failure.

Appeal from special term, Watkins county.

Action by John A. Clute against John W. Warner, as receiver of the First National Bank of Watkins, to have a deposit in said First National Bank amounting to $1,381.16 allowed as a set-off or payment on a note held by said bank against plaintiff. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

S. D. Halliday, for appellant.

C. M. Woodward (John B. Stanchfield, of counsel), for respondent.

HERRICK, J.   On the 18th day of January, 1894, W. W. Clute and Smith G. Clute, as accommodation makers, and for his accom-

modation, gave the plaintiff their note for the sum of $2,500, payable in 90 days after date to the First National Bank of Watkins, N. Y. On that day the plaintiff procured said note to be discounted by the First National Bank of Watkins, N. Y., and the avails thereof were placed to his credit.  On the 31st day of January, 1894, the First National Bank of Watkins, N. Y., made its note for $5,000, dated that day, payable to the Third National Bank of New York, two months after date; and, as collateral security for the payment of such note, it gave to the Third National Bank of New York the note of plaintiff, above referred to, together with a number of others. The First National Bank of Watkins became insolvent, and the defendant was appointed receiver thereof February 24, 1894.  At the time of such insolvency there was deposited in said bank, to the credit of plaintiff, the sum of $1,381.16.  Before the commencement of this action the note given by the First National Bank of Watkins to the Third National Bank of New York had been paid, and the plaintiff's note had been returned to the receiver.  The plaintiff seeks to have the deposit in the bank to his credit set off against the amount remaining due upon the note.  Without further statement of facts, I think the judgment herein should be affirmed.  By transferring the note in question to the Third National Bank of New York as collateral to its own note, the Watkins National Bank did not cease to be the owner thereof, and was such owner at the time it became insolvent and the receiver was appointed.  Wheeler v. Newbould, 16 N. Y. 392; Farwell v. Bank, 90 N. Y. 483; Smith v. Savin, 141 N. Y. 315, 36 N. E. 338.  The plaintiff was primarily liable to the Watkins National Bank upon the note made by W. W. Clute and Smith G. Clute for his benefit.  While that note was not due when the bank became insolvent, and its collection could not be enforced before maturity, the plaintiff had the right to waive the additional time, and elect to have it become due at that time, and to make payment thereof by applying the amount of his money in the possession of the bank to such payment.  There is, under such circumstances, an equitable right to offset one claim against the other.  Fera v. Wickham, 135 N. Y. 223, 31 N. E. 1028; Hughitt v. Hayes, 136 N. Y. 163, 32 N. E. 706; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148.  The cases last referred to contain a very thorough discussion of the principles set forth, and under circumstances similar to those in this case, together with a review of previous cases, and it seems to me that it is useless to attempt a restatement here.

Judgment should be affirmed, with costs.  All concur.