## O'CONNOR v. BRANDT.

(Supreme Court, Appellate Division, Third Department. January 6, 1897.)

SET-OFF—NOTE DUE INSOLVENT BANK AGAINST INDORSER'S DEPOSIT.
     The indorser of a note held by an insolvent bank may have his money on deposit in the bank set off against the note, though the note was not due when the bank assigned, where the maker is insolvent, and the indorser has no security.

Appeal from judgment on report of referee.

Action by Edmund O'Connor, as assignee of Erastus Ross and others, for the benefit of creditors, against Winfield Scott Brandt, impleaded with Frederick E. Ross, to recover on a promissory note. From a judgment setting off, against the note, money on deposit by defendant Brandt with plaintiff's assignors, plaintiff appeals. Affirmed.

In the year 1895, and for some years prior thereto, Frederick E. Ross and others were co-partners, doing business in the city of Binghamton as private bankers, under the name and style of Erastus Ross & Sons. On the 16th day of January, 1895, Frederick E. Ross executed and delivered to the defendant Winfield Scott Brandt his promissory note, in writing, for the sum of $187.69, payable four months after date. On the 17th day of January, 1895, the defendant Brandt indorsed said note, and deposited it with the firm of Erastus Ross & Sons, and the amount thereof was passed to his credit in his account with said firm, with which he was a depositor. On the 21st day of January, 1895, the firm of Erastus Ross & Sons, and each member of said firm individually, made general assignments of their property for the benefit of the creditors of said firm, and of the individual creditors of the several members thereof. The referee found "that on the 21st day of January, 1895, there was standing to the credit of the said Brandt, at said banking house of Erastus Ross & Sons, by reason of his deposits therein, the sum of $488.45, in addition to the sum of $187.69, the amount and avails of said note; in all, the sum of $676.14." The maker of the said note, Frederick E. Ross, is, and was at the time of the commencement of this action, insolvent; and the defendant Brandt does not now, and never did, hold any security for the payment of said note. The only person liable upon said note to the defendant Brandt is the said Frederick E. Ross. When said note became due, it was protested for nonpayment, and no part thereof has ever been paid. Before the commencement of this action, but at what particular time does not appear, the defendant Brandt requested the plaintiff to set off, from his (said Brandt's) deposit account with said firm, a sufficient amount to pay such note, which request the plaintiff refused, and thereafter commenced this action upon the note in question. The defendant, in his answer, asked that the plaintiff be compelled to surrender the note to the defendant, either charging the same to the defendant upon his account with said Erastus Ross & Sons, or setting off from such account an amount equal to the said note, with interest and protest fees, and the payment to the plaintiff of the balance in full of said deposit remaining unpaid. The judgment entered upon the report of the referee ordered and decreed that the plaintiff, as assignee, charge off the amount of said note, with interest and protest fees, to wit, $376.72, against the deposit account of said defendant Brandt with said firm of Erastus Ross & Sons, and surrender up said note to the defendant Brandt.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

Rollin W. Meeker, for appellant.

Lyon, Painter & Hinman (H. D. Hinman, of counsel), for respondent.

HERRICK, J. The judgment should be affirmed. At the time of the assignment by the firm of Erastus Ross & Sons, said firm was indebted to the defendant Brandt to an amount largely in excess of the note. Such indebtedness was then and there immediately due, and, notwithstanding the indebtedness of the defendant Brandt upon such note to the insolvent firm would not mature until some time thereafter, he had an equitable right to have so much of his account with the insolvent firm set off against said note as would extinguish it. Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726; Richards v. La Tourette, 119 N. Y. 54, 23 N. E. 531; Hughitt v. Hayes, 136 N. Y. 163, 32 N. E. 706; Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148.

In the case of Clute v. Warner, 8 App. Div. 40, 40 N. Y. Supp. 392, we held, in the case of a note which was not due at the time of the insolvency of the bank, and therefore its collection could not be enforced before maturity, that the plaintiff for whose accommodation

the note was made, and who had it discounted, had the right to waive the additional time, and elect to have it become due at that time, and to make payment thereof by applying the amount of his money in the possession of the bank to such payment. I can see no difference in principle between permitting one for whose accommodation a note has been given, and who has procured it to be discounted for his benefit, to waive the time, and elect to have it become due at once, and permitting the indorser of a note, who has procured it to be discounted for his benefit, the maker being insolvent, and the indorser having no security for the payment thereof, to waive the additional time, and elect to have his liability become fixed at once, and make satisfaction and payment thereof, by applying the amount of his money on deposit with the insolvent firm to such payment and satisfaction.

Judgment affirmed, with costs. All concur.