EDMUND O'CONNOR, as Assignee of ERASTUS ROSS and Others, for the Benefit of Creditors, Appellant, *v.* WINFIELD SCOTT BRANDT, Respondent, Impleaded with FREDERIC E. ROSS.

*Equitable set-off — when a debtor to a bank may elect that his liability shall become due at once.*

Where the indorser of a note, having no security for its payment except the promise of the maker, who is insolvent, procures the same to be discounted by a bank, and the avails to be credited to a deposit account which he has with such bank, he may, in the event of the bank's becoming insolvent before the maturity of the note, elect that it become due at once, and have the amount of his deposit applied in liquidation of his liability as indorser upon it.

Appeal by the plaintiff, Edmund O'Connor, as assignee of Erastus Ross and others, for the benefit of creditors, from a judgment of the Supreme Court in favor of the defendant, Winfield Scott Brandt, entered in the office of the clerk of the county of Broome on the 29th day of September, 1896, upon a report of a referee dismissing the complaint as to said defendant upon the merits.

In the year 1895, and for some years prior thereto, Frederic E. Ross and others were copartners doing business in the city of Binghamton as private bankers under the name and style of Erastus Ross & Sons.

On the 16th day of January, 1895, Frederic E. Ross executed and delivered to the defendant, Winfield Scott Brandt, his promissory note in writing for the sum of $187.69, payable four months after date. On the 17th day of January, 1895, the defendant Brandt indorsed said note and deposited it with the firm of Erastus Ross & Sons, and the amount thereof was passed to his credit in his account with said firm, with which he was a depositor.

On the 21st day of January, 1895, the firm of Erastus Ross & Sons, and each member of said firm individually, made general assignments of their property for the benefit of the creditors of said firm, and of the individual creditors of the several members thereof.

The referee found : " That on the 21st day of January, 1895, there was standing to the credit of said Brandt, at said banking house of Erastus Ross & Sons, by reason of his deposits therein, the sum of $488.45, in addition to the sum of $187.69, the amount and avails of said note ; in all, the sum of $676.14."

The maker of the said note, Frederic E. Ross, is and was, at the time of the commencement of this action, insolvent, and the defendant Brandt does not now, and never did, hold any security for the payment of said note. The only person liable upon said note to the defendant Brandt is the said Frederic E. Ross.

When said note became due it was protested for non-payment, and no part thereof has ever been paid. Before the commencement of this action, but at what particular time does not appear, the defendant Brandt requested the plaintiff to set off from his, said Brandt's, deposit account with said firm, a sufficient amount to pay such note, which request the plaintiff refused, and thereafter com-

menced this action upon the note in question. The defendant, in his answer, asked that the plaintiff be compelled to surrender the note to the defendant, "either charging the same to the defendant upon his account with said Erastus Ross & Sons, or setting off from such account an amount equal to the said note, interest and protest fees, and the payment by plaintiff of the balance, in full of said deposit remaining unpaid."

The judgment entered upon the report of the referee ordered and decreed that the plaintiff, as assignee, charge off the amount of said note, with interest and protest fees, to wit, $206.72, against the deposit account of said defendant Brandt with said firm of Erastus Ross & Sons, and surrender up said note to the defendant Brandt.

*Rollin W. Meeker*, for the appellant.

*H. D. Hinman*, for the respondent.

HERRICK, J.:

The judgment should be affirmed. At the time of the assignment by the firm of Erastus Ross & Sons, said firm was indebted to the defendant Brandt to an amount largely in excess of the note. Such indebtedness was then and there immediately due, and, notwithstanding the indebtedness of the defendant Brandt upon such note to the insolvent firm would not mature until some time thereafter, he had an equitable right to have so much of his account with the insolvent firm set off against said note as would extinguish it. (*Rothschild* v. *Mack*, 115 N. Y. 1; *Richards* v. *La Tourette*, 119 id. 54; *Hughitt* v. *Hayes*, 136 id. 163; *Scott* v. *Armstrong*, 146 U. S. 499.)

In the case of *Clute* v. *Warner* (8 App. Div. 40) we held, in the case of a note which was not due at the time of the insolvency of the bank, and the payment of which, therefore, could not be enforced before maturity, that the plaintiff for whose accommodation the note was made, and who had it discounted, had the right to waive the additional time and elect to have it become due at that time, and to make payment thereof by applying the amount of his money in the possession of the bank to such payment. I can see no difference in principle between permitting one for whose accommodation a note has been given, and who has procured it to be discounted for his benefit, to waive the time and elect to have it become due at once,

and permitting the indorser of a note, who has procured it to be discounted for his benefit, the maker being insolvent, and the indorser having no security for the payment thereof, to waive the additional time and elect to have his liability become fixed at once, and make satisfaction and payment thereof by applying the amount of his money on deposit with the insolvent firm to such payment and satisfaction.

The judgment should be affirmed, with costs.

All concurred, except Landon, J., not sitting.

Judgment affirmed, with costs.

---

George Suiter, Appellant, *v.* Charles Kent, as Administrator, Substituted in Place of Oliver P. Kent, Deceased, Respondent.

*Return of a justice of the peace — not affected by statements filed with the justice — waiver of a jury trial — when an adjournment, without issuing a new venire, is valid.*

Upon an appeal from a judgment of a justice of the peace, the justice's return is conclusive, and cannot be overridden by a written statement, filed upon a motion made before the justice, reciting facts in reference to the proceedings before the justice at variance with the return.

A jury, called at the request of the plaintiff, before whom an action in a Justice's Court was tried, having disagreed, the plaintiff stated that he waived a trial by jury, while the attorney for the defendant stated that "he did not demand a jury, but stated that he wanted the case tried according to law."

*Held*, that the justice did not lose jurisdiction because of the fact that he adjourned the cause without issuing a new *venire ;*

That if the defendant's attorney meant it to be understood by his statement, "that he wanted the case tried according to law," that he thereby did not waive a jury trial, but wished the case to be again submitted to a jury, he should have made his purpose more clear, and that, not having done so, he had waived his right to object.

Appeal by the plaintiff, George Suiter, from a judgment of the County Court of Ulster county in favor of the defendant, entered in the office of the clerk of the county of Ulster on the 5th day of April, 1893, upon the decision of the court, affirming a judgment rendered by a justice of the peace, dismissing the complaint with costs.