## VALENTINE v. VALENTINE.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. DISMISSAL AND NONSUIT (§ 33*)—APPLICATION—EX PARTE PROCEEDING.

     An order of discontinuance of an action may be obtained by an ex parte motion of the plaintiff; there being nothing to show that the discontinuance would be inequitable.

     [Ed. Note.—For other cases, see Dismissal and Nonsuit, Dec. Dig. § 33.*]

2. DISMISSAL AND NONSUIT (§ 43*)—VOLUNTARY DISMISSAL—SETTING ASIDE ORDER—DISCRETION OF COURT.

     While ordinarily the court in a proper case can in its discretion vacate an order allowing a voluntary discontinuance, it was error to vacate an order granting a discontinuance, where nothing appeared making it inequitable to discontinue, and the affidavit supporting the motion to vacate stated no ground for vacating.

     [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 86; Dec. Dig. § 43.*]

3. DISMISSAL AND NONSUIT (§ 12*)—VOLUNTARY—RIGHT.

     A defendant cannot compel plaintiff to prosecute the action against his will.

     [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 27; Dec. Dig. § 12.*]

4. DISMISSAL AND NONSUIT (§ 36*)—VOLUNTARY—CONDITIONS—STIPULATION NOT TO SUE AGAIN.

     Where nothing appeared making it inequitable to discontinue, the court could not require plaintiff to stipulate not to sue again on the same cause of action, as a condition to permitting the order of discontinuance to stand.

     [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 71; Dec. Dig. § 36.*]

5. DISMISSAL AND NONSUIT (§ 37*)—CONDITIONS—PAYMENT OF COSTS.

     While plaintiff may be compelled to pay additional costs as a condition of discontinuance, he cannot be compelled to stipulate away the right to contest whether an additional allowance was proper, by stipulating that he would pay whatever additional allowance the court might make.

     [Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 72, 73; Dec. Dig. § 37.*]

Appeal from Special Term, Westchester County.

Action by Ludlow W. Valentine against Abby Muir Valentine. From an order vacating conditionally an order allowing a discontinuance, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Edmund F. Harding (Wm. P. Maloney, on the brief), for appellant. Michael J. Tierney, for respondent.

MILLER, J. After this case was on the calendar for trial, and one adjournment had been procured by the plaintiff, an order was obtained ex parte, by the plaintiff, discontinuing the action on payment of costs by the plaintiff to the defendant. The order appealed from va-

cates that order and sets the case for trial peremptorily on a date named, "unless the plaintiff stipulates that as a condition of such discontinuance he agrees not to sue again on the same cause of action, and to pay the taxable costs of this action and such additional allowance to defendant as the court may grant herein."

The pleadings are not before us; but the order appealed from appears to have been made on the affidavit of the defendant, which, however, does not state any reason for vacating the order of discontinuance. It appears that the action was brought for the purpose of impressing a trust in favor of the plaintiff upon certain real property of the defendant; but nothing is shown which would make it inequitable for the plaintiff to discontinue. The defendant says that she wants to try the issues on the merits; but a defendant cannot compel a plaintiff to litigate against his will, merely for the satisfaction of winning after a trial. If the plaintiff does not wish to prosecute his action, the defendant cannot require him to do so. It was proper to obtain the order of discontinuance ex parte. While the court retains control of the matter, and in a proper case has discretion to vacate such an order, that discretion can only be exercised when facts are presented justifying it. Matter of Butler, 101 N. Y. 309, 4 N. E. 518; Winans v. Winans, 124 N. Y. 140, 26 N. E. 293.

Moreover, upon the facts disclosed by this record, the court could not impose the condition that the plaintiff should stipulate not to bring another action (Kilmer v. Evening Herald Co., 70 App. Div. 291, 75 N. Y. Supp. 243); nor could the court require the plaintiff to stipulate that he would pay whatever additional allowance the court might grant. If the case was one for an extra allowance, that fact should have been shown by proof; and the plaintiff might have been required to pay the costs, including an additional allowance, as a condition of discontinuance, but he could not be required to stipulate away the right to test the question whether an additional allowance was proper, and no facts were shown justifying an additional allowance. See Schlegel v. Roman Catholic Church, 124 App. Div. 502, 108 N. Y. Supp. 955.

The order appealed from should be reversed.

Order reversed, with $10 costs and disbursements. All concur.