MANEVITZ v. NORTHERN BANK OF NEW YORK et al.

(Supreme Court, Special Term, New York County.    January, 1912.)

1. Set-Off and Counterclaim (§ 8*)—Claims.

Ordinarily a debtor of an insolvent is entitled in equity to set off against his indebtedness a debt from the insolvent to him, which was due at the time of the insolvent's assignment.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 9–11; Dec. Dig. § 8.*]

2. Banks and Banking (§ 135*)—Insolvency—Set-Off.

An action in equity against a bank, of which the superintendent of banks has taken possession, to set off a deposit against an indebtedness due the bank, is not maintainable, where there are neither allegations nor proof of the bank's insolvency; the act of the superintendent creating no inference of insolvency.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 135.*]

Action in equity for set-off by Louis Manevitz against the Northern Bank of New York and another.    Judgment for defendants.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for plaintiff.

Breed, Abbott & Morgan (George W. Morgan, of counsel), for defendants.

GIEGERICH, J.    Plaintiff discounted at the Northern Bank of New York certain notes made by third persons to his order and for his accommodation.    The notes aggregated $4,910 in amount.    Thereafter and before the maturity of the notes the defendant the superintendent of banks took possession of the bank under the provisions of the banking law (Consol. Laws 1909, c. 2).    The plaintiff, at the time last mentioned, had on deposit to his credit in the bank the sum of $4,600.    He subsequently tendered to the superintendent of banks the sum of $310, being the difference between the amount of his deposit and the amount of the notes, and demanded the surrender of the notes.    The demand was refused, and he now brings this action in equity, claiming that suit has been threatened upon the notes, and demanding judgment that any action thereon, either against himself or against the makers, be enjoined, and that upon payment of the said sum of $310 the notes be delivered up to him.

[1] The action is founded upon the theory that the plaintiff is entitled to an equitable set-off of his deposit against his liability as indorser upon the notes.    A debtor of an insolvent is ordinarily allowed in equity to offset against his indebtedness a debt due from the insolvent to him, provided the debt due from the insolvent was due and payable at the time of the insolvent's assignment (Fera v. Wickham, 135 N. Y. 223, 230, 31 N. E. 1028, 17 L. R. A. 456); and it is immaterial that the debt to the insolvent is not yet due at the time when the set-off is sought to be made (Rothschild v. Mack, 115 N. Y. 1, 21 N. E. 726;  Richards v. La Tourette, 119 N. Y. 54, 23 N. E. 531).

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] I regard the plaintiff's case as fatally defective, in that there is neither any allegation nor proof of the insolvency of the defendant bank. Set-off is an equitable remedy, and, as was said in Hughitt v. Hayes, 136 N. Y. 163, 168, 32 N. E. 706, the insolvency of one of the parties is a material circumstance. In the present case it is true that the superintendent of banks had taken possession of the defendant bank; but in People v. St. Nicholas Bank, 77 Hun, 159, 165, 28 N. Y. Supp. 407, it was held that such act on the part of the superintendent did not create an inference of bankruptcy—the court remarking that it might transpire that the bank had sufficient assets to meet its deposits and that there was merely an impairment of capital.

In this case the complaint alleges that, at the time the superintendent of the banking department took possession of the Northern Bank, that bank was either conducting its business in an unsafe or unauthorized manner, or that its capital was impaired, or that the superintendent had reason to conclude that it was in an unsound or unsafe condition, or that it was unsafe and inexpedient for it to continue business; but there is no allegation of insolvency. The various facts so alleged in the complaint are made by section 19 of the banking law sufficient ground for the act of the superintendent in taking possession of the bank; but none of such allegations is contradictory of or inconsistent with the solvency of the bank.

The conclusion I have reached on this point makes it unnecessary to discuss the various other propositions advanced on behalf of the defendant against the plaintiff's right to the relief sought. There should be judgment for the defendants dismissing the complaint, with costs.

Submit with proof of service, proposed findings and judgment in accordance with these views.