BUILDING AND ENGINEERING COMPANY, Respondent, *v.* THE NORTHERN BANK OF NEW YORK et al., Appellants.

Bills, notes and checks — equity — accommodation note held by insolvent bank — when payee and indorser of said note may offset the same against moneys deposited in such bank to his credit.

1. The Negotiable Instruments Law (§§ 3 and 55) was not intended to prevent the courts from determining in equity all questions between an insolvent holder of a note and the one primarily liable for the indebtedness on the instrument as a matter of fact, whether maker or indorser.

2. The indorser of a promissory note made as an accommodation for him by another and held by a banking corporation, which, before such note became due, had become insolvent, can elect to have such note become due and payable at once and require the representative of such insolvent bank to offset the same against a deposit in such bank to the credit of such indorser. An equitable right exists to offset one claim against the other.

*Building & Engineering Co.* v. *Northern Bank*, 151 App. Div. 942, affirmed.

(Argued October 2, 1912; decided November 19, 1912.)

APPEAL, pursuant to section 1336 of the Code of Civil Procedure, from a final judgment, entered July 2, 1912, after the unanimous affirmance by the Appellate Division of the Supreme Court in the first judicial department of an interlocutory judgment of Special Term granted in favor of plaintiff upon its motion for judgment in its favor upon the pleadings.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry H. Abbott, George W. Morgan* and *Edward A. Craighill, Jr.*, for appellants. Under the Negotiable Instruments Law an accommodation maker of a promissory note is primarily liable to a holder for value

irrespective of the holder's knowledge of the accommodation character of the paper; and such maker can be compelled to liquidate his primary liability. (*Clute* v. *Warner*, 8 App. Div. 40; *O'Connor* v. *Brandt*, 12 App. Div. 596; *Nat. C. Bank* v. *Toplitz*, 81 App. Div. 593; *Cellers* v. *Meachem*, 49 Oreg. 186; *Vanderford* v. *F., etc., Bank*, 105 Md. 164; *Wolstenholme* v. *Smith*, 34 Utah, 300; *B. E., etc., Co.* v. *Heyburn*, 56 Wash. 628.) In the case of a note held by an insolvent bank in the hands of the superintendent of banks, if the maker is solvent and can be compelled to pay, the indorser has no right to compel a setoff of his deposit in the bank; and since the adoption of the Negotiable Instruments. Law this is as true of a note made for accommodation as of ordinary business paper. (*Matter of M. D. Bank*, 1 Paige, 585; *Borough Bank of Brooklyn* v. *Mulqueen*, 70 Misc. Rep. 137; *New Farmers' Bank* v. *Young*, 100 Ky. 683.) The allowance of an offset to the indorser would destroy a property right which is one of the bank's assets, namely, the right to recover from the makers upon their primary liability. This property right should inure to the benefit of all creditors. (*Fera* v. *Wickham*, 135 N. Y. 223; *Matter of Hatch*, 155 N. Y. 401.)

*Conrad Milliken* for respondent. The plaintiff may elect to have its note become due at once, and may offset the claim of the defendant bank on the note against the amount of plaintiff's deposit in the insolvent bank. (22 Ency. of Law & Pro. 1316; *O'Connor* v. *Brandt*, 12 App. Div. 596; *Kilby* v. *F. Nat. Bank*, 32 Misc. Rep. 370; *Myers* v. *Davis*, 22 N. Y. 489; *Fera* v. *Wickham*, 135 N. Y. 223; *Richards* v. *La Tourette*, 119 N. Y. 54; *Hughitt* v. *Hayes*, 136 N. Y. 163; *Matter of Hatch*, 155 N. Y. 401; *Taylor* v. *Nichols*, 134 App. Div. 783; *People* v. *Canal St. Bank*, 6 Misc. Rep. 319.) The setoff cannot be considered a preference. (*Scott* v. *Armstrong*, 146 U. S. 499; *Hughitt* v. *Hayes*, 136 N. Y. 163.) The ques-

tion whether section 55 of the Negotiable Instruments Law has made a change in the liability assumed by an accommodation maker of a promissory note can have no bearing in this case. (*Nat. Citizens' Bank* v. *Toplitz*, 178 N. Y. 464; *Clute* v. *Warren*, 8 App. Div. 40; *Cellers* v. *Meachem*, 49 Oreg. 186; *Vanderford* v. *Farmers'*, etc., *Bank*, 105 Md. 164; *Wolstenholme* v. *Smith*, 34 Utah, 300; *B. E., etc., Co.* v. *Heyburn*, 56 Wash. 628; *Chester* v. *Dorr*, 41 N. Y. 279.)

CHASE, J. The defendant bank is a domestic banking corporation. It is insolvent and is now and has been since December 27th, 1910, in the possession of the superintendent of banks of the state of New York under the provisions of section 19 of the Banking Law.

On November 30, 1910, two persons, for the accommodation of the plaintiff, made their promissory note for $20,000, payable three months from date to the order of the plaintiff. It was indorsed by the plaintiff and upon the same day discounted by the defendant bank and placed to the credit of the plaintiff. The defendant bank knew at the time said note was made and delivered to it that it was so made by the two persons solely for the plaintiff's accommodation.

At the time the superintendent of banks took possession of the defendant bank the plaintiff had on deposit therein the sum of $24,837.27. On January 15, 1911, and at various times thereafter, the plaintiff demanded that the defendant offset against its liability on said note the moneys so on deposit to its credit. The defendants neglected and refused to make such offset and threatened to commence an action on the note against the accommodation makers thereof without making the plaintiff a party thereto. This action was commenced and the complaint demanded judgment that said promissory note be offset against said credit balance and the note surrendered to the plaintiff, and that judgment be

awarded to it for the balance then remaining on deposit in said bank. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. Thereafter the plaintiff and the defendants each by motion asked for judgment upon the pleadings. The motions were heard together and the motion of the defendants was denied and that of the plaintiff was granted, with leave to the defendants to serve an answer within ten days on payment of costs. The defendants failed to serve an answer, but appealed from the interlocutory judgment to the Appellate Division in which court said judgment was unanimously affirmed. Final judgment was then entered from which an appeal has been taken to this court.

It is conceded that prior to the enactment of the Negotiable Instruments Law in 1897 the indorser of a promissory note made as an accommodation for him by another and held by a banking corporation, which before such note became due had become insolvent, could elect to have such note become due and payable at once and require the representative of such insolvent bank to offset the same against a deposit in such bank to the credit of such indorser.

It was prior to that time frequently held that under such circumstances an equitable right to offset one claim against the other existed. (*Scott* v. *Armstrong*, 146 U. S. 499; *Fera* v. *Wickham*, 135 N. Y. 223; *Hughitt* v. *Hayes*, 136 N. Y. 163; *Clute* v. *Warner*, 8 App. Div. 40; *O'Connor* v. *Brandt*, 12 App. Div. 596; *Matter of Hatch*, 155 N. Y. 401.)

In *Scott* v. *Armstrong* (*supra*) the court, in referring to the reason in equity why such an offset should be enforced and why a set off should not be considered a preference, said: "Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference, and it is clear that it is only the balance, if any, after the set-off is deducted which can justly be held to

form part of the assets of the insolvent. The require-
ment as to ratable dividends, is to make them from
what belongs to the bank, and that which at the time of
the insolvency belongs of right to the debtor does not
belong to the bank." (p. 510.) (See *Hughitt* v. *Hayes,
supra*.)

The appellants insist that the rule in equity is not
applicable because of the provisions of sections 3 and 55
of the Negotiable Instruments Law.

Section 3 of the Negotiable Instruments Law (Cons.
Laws, ch. 38) is as follows: "The person 'primarily'
liable on an instrument is the person who by the terms
of the instrument is absolutely required to pay the same.
All other parties are 'secondarily' liable."

Section 55 of said law provides that an accommodation
party " is liable on the instrument to a holder for value,
notwithstanding such holder at the time of taking the
instrument knew him to be only an accommodation
party."

No question arises in this case, nor could it be success-
fully contended, that the accommodation makers of said
note so indorsed by the plaintiff are not liable thereon to
the representative of the insolvent bank. Their liability
as a matter of law does not prevent the courts from
decreeing in equity that the indebtedness of the plaintiff
to the insolvent bank and the indebtedness of the insolvent
bank to the plaintiff should be offset.

This court has in a prior case refused to construe sec-
tions 3 and 55 of the Negotiable Instruments Law in an
action at law when that question was not fairly pre-
sented by the appeal then being considered. (*National
Citizens' Bank* v. *Toplitz*, 178 N. Y. 464.) It is quite
unnecessary in this case to determine the effect of said
sections in an action at law. This is not an action at
law but an action in equity, where, as was said in the
*Armstrong* case, natural justice would seem to require
that the offset should be decreed.

It nowhere appears from the Negotiable Instruments Law, or from anything that can be considered in determining the intention of the legislature, that said sections 3 and 55 were intended to prevent the courts from determining in equity all questions between an insolvent holder of a note and the one primarily liable for the indebtedness on the instrument as a matter of fact whether maker or indorser.

In our judgment the authorities mentioned which hold that under the circumstances alleged in the complaint in this action an offset should be decreed should be considered as binding upon us in this action notwithstanding the provisions of the Negotiable Instruments Law.

If we assume that in an action at law the makers of the note must arbitrarily be treated as primarily liable thereon, and the plaintiff as secondarily liable thereon, it does not prevent the court in an action in equity from determining and enforcing the rights of the parties as the same are found as a matter of fact. (*Winne* v. *Winne*, 166 N. Y. 263, 271.)

The judgment should be affirmed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed.