(164 App. Div. 597)

CURTIS v. DAVIDSON.  (No. 6361.)

(Supreme Court, Appellate Division, First Department.  December 4, 1914.)

1. BANKS AND BANKING (§ 263*)—DEPOSITS—RIGHT TO.

The receiver of an insolvent national bank takes its assets subject to all defenses, and an indorser on an unpaid note, who was sued alone, may set off against the amount of the note his deposit in the bank, without showing that the makers were insolvent.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 985, 1122; Dec. Dig. § 263.*]

2. COURTS (§ 97*)—DECISIONS OF FEDERAL COURTS—AUTHORITY IN STATE COURTS.

In determining the rights of set-off in a suit by the receiver of a national bank, the rule prevailing in the federal courts should be followed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 329–333; Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by Rensselaer L. Curtis, as receiver of the Atlantic National Bank, against Henry Davidson. From an order denying motion for judgment on the pleadings, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Stuart G. Gibboney, of New York City, for appellant.
Jerome A. Strauss, of New York City, for respondent.

McLAUGHLIN, J.  The complaint alleges that on April 16, 1913, the Atlantic National Bank was found to be insolvent, and plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

150 N.Y.S.—20

appointed receiver of the same; that among its assets, at the time of such appointment, were 19 promissory notes, aggregating $2,600.61, which had been discounted by the bank, and upon which the defendant was indorser; that none of the notes matured prior to the insolvency; that at maturity they were not paid, were duly protested, and notice thereof given to the defendant. The answer does not deny the material allegations of the complaint, but alleges, by way of set-off, that at the time the bank became insolvent, and the plaintiff was appointed receiver, the defendant had a deposit therein amounting to $647.66, and he asks that the judgment demanded by plaintiff be reduced to that extent. After issue had been joined, the plaintiff moved, under section 547 of the Code of Civil Procedure, for judgment on the pleadings. The motion was denied, and he appeals.

[1] The appellant admits that, if the action were against the makers of the notes, they would be entitled to set off their deposit balances in reduction, pro tanto, of the claims asserted against them, but he claims the allowance of such set-off to an indorser, in the absence of an allegation of the makers' insolvency, would result in an unlawful preference in favor of the indorser; in other words, that an indorser should not be allowed to set off his deposit balance against his liability on a note, without alleging and proving the inability of the maker to pay. I have, however, been unable to find any authority which holds that, when the indorser alone is sued, his right to set off a balance standing to his credit when the bank became insolvent is dependent upon his alleging and proving the insolvency of the maker, and I can see no good reason why such set-off should not be allowed. The receiver acquired the assets of the bank subject to all defenses and set-offs which might have been interposed in an action brought by it. Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059. Had the bank brought this action, instead of the receiver clearly the defendant would have had a right to offset against the plaintiff's claim whatever deposit balance the bank held standing to his credit. Van Wagoner v. Paterson Co., 23 N. J. Law, 283.

Matter of Middle District Bank, 1 Paige, 585, upon which the appellant chiefly relies, has not escaped my attention. That was not an action where an indorser sought to set off his balance, but simply an application for instructions, by the receiver of an insolvent bank, to the chancellor. The instructions given cannot be said to have defined the rights of an indorser in an action by the receiver in which the indorser is made sole defendant.

[2] The bank of which plaintiff is receiver was organized under the National Banking Act, and, in determining whether this would be a proper set-off under that act, the rule prevailing in the federal courts should be followed. Frank v. Mercantile National Bank, 182 N. Y. 264, 74 N. E. 841, 108 Am. St. Rep. 805. The right of a depositor in an insolvent national bank to set off his deposit against the amount of a note upon which he was sued as indorser was settled in Yardley v. Clothier (C. C.) 49 Fed. 337. In that case Butler, J., said:

"We do not consider it important that the defendant's obligation is that of an indorser simply. His undertaking was complete, and his obligation absolute, when he placed his name on the note. Nothing remained for him

to do. * * * The fact that he might be discharged by act of the maker, or failure to protest and give notice, is unimportant. * * * Whatever character, however, may be ascribed to the defendant's obligation, the receiver took it, such as it was, subject to the right of set-off which the defendant then had."

This decision was subsequently affirmed by the Circuit Court of Appeals (51 Fed. 506, 2 C. C. A. 349, 17 L. R. A. 462), and approved by the Supreme Court of the United States in Scott v. Armstrong, supra. The same rule was applied in Re Shults (D. C.) 132 Fed. 573. See, also, Arnold v. Niess, 1 Walker (Pa.) 115.

I think the motion for judgment on the pleadings was properly denied. The order appealed from, therefore, should be affirmed, with $10 costs and disbursements. All concur.