## WILLIAMS v. FRANK LEVY, Inc., et al.

(City Court of New York, Special Term.  January 13, 1915.)

1. DISMISSAL AND NONSUIT ⬪36—VOLUNTARY—CONDITIONS—DISCRETION OF COURT.

A party has the right as a matter of course to discontinue an action at law, but on such terms as the court in its discretion may impose.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 70, 71, 74; Dec. Dig. ⬪36.]

2. DISMISSAL AND NONSUIT ⬪36—VOLUNTARY—CONDITIONS—DISCRETION OF COURT.

A receiver of a national bank, who sues the maker and indorser of a note, may not discontinue without terms as to the indorser, pleading as a set-off his deposit in the bank at the time of the receiver's appointment, though the Comptroller of the Currency has instructed receivers not to allow set-offs to indorsers as the state and federal decisions have established the right of set-off.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 70, 71, 74; Dec. Dig. ⬪36.]

3. BANKS AND BANKING ⬪235—NATIONAL BANKS—OFFICERS—COMPTROLLER OF CURRENCY.

The Comptroller of the Currency must take notice of and be governed by the decisions of the courts, particularly of the federal courts.

[Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 879–887; Dec. Dig. ⬪235.]

4. DISMISSAL AND NONSUIT ⬪36—VOLUNTARY—ISSUES.

Where the receiver of a national bank, suing the maker and indorser of a note, moved for a discontinuance as to the indorser, pleading as a set-off his deposit in the bank, the court, allowing the discontinuance, could not direct an allowance of the set-off, because that would be equivalent to an adjudication of the issues summarily.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 70, 71, 74; Dec. Dig. ⬪36.]

Action by Christopher L. Williams, as receiver of the First National Bank of Bayonne, against Frank Levy, Incorporated, and another.  Motion to discontinue as to defendant Frank Levy, a natural person, conditionally granted.

Barber, Watson & Gibboney, of New York City (George M. Burditt, of New York City, of counsel), for the motion.

Jacob I. Berman, of New York City, opposed.

ALLEN, J.  This action was commenced by the plaintiff, as the receiver of the First National Bank of Bayonne, to recover upon a promissory note made by the defendant Frank Levy, Incorporated, and indorsed by the defendant Frank Levy, a natural person, and by him discounted at the bank and held by it at the time of its insolvency. At the time of the appointment of the receiver the defendant Frank Levy had on deposit an amount in excess of the amount of the note, and he in his answer asked to have this credit balance set off against his liability as indorser upon the note.  Having become satisfied that the defendant Frank Levy is entitled to this set-off, the plaintiff now asks leave to discontinue the action as against the defendant Frank

⬪For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Levy, and because of what the plaintiff believed to be the uncertainty of the law applicable to the question of the set-off he asks to be permitted to discontinue without costs.

[1, 2] A party cannot be compelled to pursue a legal remedy against his will, and the plaintiff has the right, as a matter of course, to discontinue the action if he so desires. Valentine v. Valentine, 134 App. Div. 664, 119 N. Y. Supp. 426. So the only question is the terms upon which he may be permitted to discontinue. If at the time the action was commenced there had been no adjudication as to the right of an indorser to have his credit balance set off against his liability as an indorser of commercial paper in the hands of an insolvent bank, or if at that time the law had been unsettled upon the subject, I should consider it proper to grant leave to discontinue this action without the imposition of terms; but I scarcely think this the case. At the time the action was commenced it had been decided in both the state and federal courts that such a set-off might be had. Yardley v. Clothier (C. C.) 49 Fed. 337, affirmed 51 Fed. 506, 2 C. C. A. 349, 17 L. R. A. 462; In re Shultz (D. C.) 132 Fed. 573; Building & Eng. Co. v. Northern Bank, 206 N. Y. 400, 99 N. E. 1044. See, also, Scott v. Armstrong, 146 U. S. 499, 13 Sup. Ct. 148, 36 L. Ed. 1059. In Curtis v. Davidson, 164 App. Div. 597, 150 N. Y. Supp. 305, decided since the commencement of this action, wherein the right of set-off to an indorser was upheld, which the plaintiff conceived to be new law, the court consequently only confirmed previous decisions.

While the court may permit an action at law to be discontinued without imposing costs (Susman v. Dangler, 95 App. Div. 158, 88 N. Y. Supp. 527; De Barante v. Deyermond, 41 N. Y. 355), I feel that it would be an abuse of judicial discretion to do so in this case. The plaintiff has put the defendant to the expense of defending an action in which he concedes he cannot recover, and it is only just to the defendant that he be allowed a moderate sum by way of costs in reimbursement of this expense.

[3] The fact that the Comptroller of the Currency instructed receivers of national banks not to allow set-offs to indorsers, while ample justification to the plaintiff and to his attorneys for the course which he and they have pursued, is no answer to the defendant, who has been put to the trouble and expense of defending unnecessary litigation. It is the duty of the Comptroller of the Currency, as well as of other persons, to take notice of and be governed by the decisions of the courts, particularly of the federal courts.

[4] The defendant objects to the plaintiff being allowed to discontinue at all, or, if the leave be granted, that it only be upon condition that the set-off be allowed; but, of course, that is an untenable proposition, since it would in effect be equivalent to an adjudication of the issues summarily. The plaintiff may accordingly discontinue this action upon payment of the taxable costs to date.

Order entered.