### BOROUGH BANK OF BROOKLYN v. MULQUEEN et al.

(Supreme Court, Trial Term, Kings County. December 5, 1910.)

BANKS AND BANKING (§ 135*)—DEPOSIT OF INDORSER IN INSOLVENT PAYEE BANK.

> Where a bank to whom a note was given became insolvent, having on deposit money belonging to both the maker and indorser of the note, and the maker was solvent, the indorser cannot set off his deposit in the bank against the amount due on the note; the insolvency of the maker being a prerequisite to such set-off.
>
> [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 375–379; Dec. Dig. § 135.*]

Action by the Borough Bank of Brooklyn against Joseph Mulqueen and another. Judgment for plaintiff.

Rollins & Rollins, for plaintiff.
Jesse Fuller, Jr., for defendants.

CRANE, J. Can an indorser of a note held by a bank, where the maker is solvent, offset his deposit in the bank against the amount due on the note?

On the 1st day of March, 1910, the defendant Mulqueen gave his note to the Borough Bank for $1,500, payable three months after date; the defendant Sparks being an indorser thereon. On April 7, 1910, the Borough Bank suspended, the superintendent of banks taking charge of its assets under section 19 of the banking law (Consol. Laws, c. 2). At the time of suspension, Mulqueen had a de-

posit to his credit in the bank of $70.26, and Sparks a deposit to his credit of $1,179.54. This action has been brought to recover the amount of the note; it being conceded by the plaintiff that the defendants are entitled to an offset of Mulqueen's deposit, $70.26. The defendants, however, claim the right to a further offset of $1,179.54, the amount of the indorser Sparks' deposit with the bank. It is conceded that Mulqueen, the maker of the note, is solvent.

When the superintendent of banks took charge of affairs, he held all the assets primarily for the benefit of all creditors, including all depositors, and, if there were insufficient funds to pay the depositors, each would receive his proportionate part thereof. Accordingly Sparks would receive only his proportion of the assets should the funds be insufficient to pay in full. If, however, he is permitted to offset against Mulqueen's note the amount of his deposit, he will receive payment in full for his deposit, irrespective of what the other depositors may receive, because, Mulqueen being solvent, Sparks would immediately recover over against him.

Although under the rule of offsets the deposit of the note maker, Mulqueen, will be set off against his indebtedness to the bank, yet the indorser, Sparks, will suffer no loss or damage by reason of his indorsement unless payment by him will be final, that is, unless Mulqueen were insolvent so that there can be no recourse to him. Mulqueen being solvent, to allow Sparks the offset of his deposit would be merely giving him a preference over other depositors. The insolvency of the maker is a prerequisite to offset for the indorser. Chancellor Walworth, in the Matter of the Middle District Bank, 1 Paige Ch. 584, ruled:

"But no such offset should be allowed to an indorser where he is indemnified by the real debtor, or where the latter can be compelled to pay."

A case in all facts similar and applying this rule will be found in New Farmers' Bank's Trustee v. Young, 100 Ky. 683-689, 39 S. W. 46. Also O'Connor v. Brandt, 12 App. Div. 596, 42 N. Y. Supp. 1079; Van Dyck v. McQuade, 85 N. Y. 616.

Judgment is therefore given for the plaintiff in the sum of $1,-472.49.