RENSSELAER L. CURTIS, as Receiver of the ATLANTIC NATIONAL BANK, Appellant, v. HENRY DAVIDSON, Respondent.

Bills, notes and checks — liability and rights of indorser — counterclaim and set-off — when indorser sued on promissory notes by receiver of insolvent bank may set off the amount due him upon a deposit that he had in the bank at the time of the suspension thereof.

1. While an indorser of a promissory note is said to be second-arily liable, the holder of a note may sue both the maker and the indorser, or either, and an indorser sued upon his contract of indorsement is absolutely liable thereon. Where the indorser is himself sued he may plead as a set-off the indebtedness of the holder to him and the fact that the holder is insolvent does not deprive the indorser of his right of self-defense. In the presence of mutual demands existing between the holder of the note and the indorser, the debt due is the balance that remains after one has been set off against the other. The party claiming that the debt due is more than the balance, which is the *prima facie* amount of the debt, has resting upon him the burden of proving the fact upon which his claim rests.

2. Plaintiff, as receiver of an insolvent national bank, sues the defendant as indorser upon separate promissory notes made by various makers. The answer sets up, by way of defense and counterclaim, that at the time of the suspension of the bank the defendant had a certain sum on deposit and offers to pay the amount of the notes sued upon, less this sum. *Held*, that upon the pleadings

the defendant was entitled to set off the amount due him from the bank; and that the order of the Appellate Division affirming an order of the Special Term which denied plaintiff's motion for judgment on the pleadings should be affirmed.

*Curtis* v. *Davidson*, 164 App. Div. 597, affirmed.

(Argued May 24, 1915; decided June 18, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 4, 1914, which affirmed an order of Special Term denying a motion by plaintiff for judgment on the pleadings.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Stuart G. Gibboney, Joseph Diehl Fackenthal* and *Felix A. Jenkins* for appellant. Defendant as indorser is not entitled to set off his deposit balance unless the maker is insolvent. (*Matter of Middle District Bank*, 1 Paige, 585; *Davis* v. *Industrial, etc., Co.*, 114 N. C. 242; *Knaffle* v. *Knoxville B. & T. Co.*, 159 S. W. Rep. 838; *Edmondson* v. *Thomasson*, 112 Va. 326; *New Farmers' Bank* v. *Young*, 100 Ky. 683; *Williams* v. *Rose*, 218 Fed. Rep. 896; *Stephens* v. *Schuchmann*, 32 Mo. App. 33; *Lippitt* v. *Thames L. & T. Co.*, 90 Atl. Rep. 369; *O'Connor* v. *Brandt*, 12 App. Div. 596; *Clute* v. *Warner*, 8 App. Div. 40.)

*Jerome A. Strauss* and *David E. Singer* for respondent. The defendant's set-off is proper. (*Frank* v. *Mercantile National Bank*, 182 N. Y. 264; *Barstow* v. *N. Y., N. H. & H. R. R. Co.*, 143 N. Y. Supp. 983; *Yardley* v. *Clothier*, 49 Fed. Rep. 337; *Matter of Schultz*, 132 Fed. Rep. 573; *Arnold* v. *Niess*, 1 Walker, 715; *Pigeon* v. *Dickey*, 1 Penn. Dist. Rep. 434; 2 Bolles on Banking, 863; *Lionberger* v. *Kinealy*, 13 Mo. App. 4; *People* v. *Canal St. Bank*, 6 Misc. Rep. 319; *Hade* v. *McVay*, 31 Ohio St. 231; *Nix* v. *Ellis*, 118 Ga. 345; *Rankin* v. *City Nat*

*Bank,* 208 U. S. 541; Michie on Banks & Banking, 556; *Yardley* v. *Philler,* 167 U. S. 344.) The allowance of the set-off does not constitute a preference in violation of the National Banking Act. (*Armstrong* v. *Warner,* 49 Ohio St. 376; *N. Y. Co. Nat. Bank* v. *Massey,* 192 U. S. 138; *Scott* v. *Armstrong,* 146 U. S. 499; *Yardley* v. *Clothier,* 51 Fed. Rep. 506; *Merrill* v. *Nat. Bank,* 173 U. S. 131; *Goodwin* v. *Kenney,* 49 Conn. 563.)

SEABURY, J. The plaintiff, as receiver of an insolvent national bank, sues the defendant as indorser upon 19 separate promissory notes made by various makers. The answer sets up by way of defense and counterclaim that at the time of the suspension of the bank the defendant had on deposit $647.66, and offers to pay the amount of the notes sued upon, less this sum.

The Appellate Division has certified two questions to this court, to wit:

1. Is the separate and distinct defense alleged in the answer sufficient in law, upon the face thereof, as a defense to the cause of action set up in the complaint?

2. Is the second and distinct defense pleaded in the answer sufficient in law, upon the face thereof, as a set-off or a counterclaim to the nineteen causes of action alleged in the complaint?

While an indorser is said to be secondarily liable, the holder of a note may sue both the maker and the indorser or either. An indorser sued upon his contract of indorsement is absolutely liable thereon. It is not a defense for him to plead in such an action that the maker is solvent. When sued, the indorser stands for the purpose of that action in the same position as the maker except that he is absolutely liable upon his contract of indorsement while the maker is absolutely liable upon the note. In such an action against him he may set off against his obligation as indorser any debt which the holder of the note may owe to him. In this respect the

maker and indorser stand in the same position. The allowance of such a set-off is not a direct preference because where there are mutual demands, the amount of the debt due from one to the other is the difference between these· mutual demands. The fact that the indorser may, if the maker is solvent, be indemnified by him in addition to being allowed to set off the amount of his deposit against the insolvent holder, does not preclude the indorser's right of set-off. The possibility of a preference thus resulting to the indorser is speculative and uncertain. In order to defeat the indorser's right of set-off it must appear that he has more than a speculative or uncertain chance of indemnity from the maker. When the indorser seeks equitable relief and proceeds affirmatively against the holder of the note to have the indebtedness of the holder to him set off against his obligation to the holder, it may be that a court of equity would require that he give some satisfactory assurance that he will not be indemnified by the maker. Where the indorser is himself sued he may plead as a set-off the indebtedness of the holder to him and the fact that the holder is insolvent does not deprive the indorser of his right of self-defense. In the presence of mutual demands existing between the holder of the note and the indorser the *debt due* is the balance that remains after one has been set off against the other. The party claiming that the debt due is more than the balance, which is the *prima facie* amount of the debt, has resting upon him the burden of proving the fact upon which his claim rests. In the case under consideration, upon the pleadings as they stand, the defendant was entitled to set off the amount due him from the bank. The authorities in this state as well as in other jurisdictions sustain the view expressed above. In *Matter of Receiver of Middle District Bank* (1 Paige [1829], 585) a receiver of an insolvent bank applied to Chancellor WALWORTH for instructions and in answer to the question propounded the chancellor said that if the

real debtor was unable to pay, the indorser could offset his deposit with the bank, and added, "but no such offset should be allowed to an indorser where he is indemnified by the real debtor, or where the latter can be compelled to pay." This statement by Chancellor WALWORTH has been extensively commented upon and followed, and we think that it states the rule which still prevails in cases of equitable set-off or in cases where a depositor proceeds against the bank in order to have the amount of his deposit set off against the amount due from him. In such a case the burden is upon the depositor seeking equitable relief to establish that equitably such relief may be given him. It has been repeatedly held that statutory provisions against according a preference to those having claims against an insolvent estate do not prohibit the allowance of a set-off, whether legal or equitable, which a debtor may have against the obligations due from him to the bank at the time of its insolvency. (*Armstrong* v. *Warner*, 49 Ohio St. 376, 390, 391; *Van Wagoner* v. *Paterson Gas Light Co.*, 23 N. J. Law, 283; *N. Y. County National Bank* v. *Massey*, 192 U. S. 138, 148; *Scott* v. *Armstrong*, 146 U. S. 499, 510, 512; *Yardley* v. *Clothier*, 49 Fed. Rep. 337; affd., 51 Fed. Rep. 506.) In *Hughitt* v. *Hayes* (136 N. Y. 163, 167) this court said: "While it is the general rule in the administration of the estate of an insolvent, that equality among creditors is equity, it has never been decided either under the statute of set-off or by courts of equity in applying the doctrine of equitable set-off, that the rule of equality among creditors requires courts to ignore the principle that only the balance, in case of mutual debts, is the real sum owing by or to the insolvent." In *Scott* v. *Armstrong* (*supra*) it was said that "Where a set-off is otherwise valid, it is not perceived how its allowance can be considered a preference, and it is clear that it is only the balance, if any, after the set-off is deducted which can justly be held to form part of the assets of the insolvent. The require-

ment as to ratable dividends, is to make them from what belongs to the bank, and that which at the time of the insolvency belongs of right to the debtor does not belong to the bank." In *Building & Engineering Co.* v. *Northern Bank of N. Y.* (206 N. Y. 400) which was an action in equity, the plaintiff as accommodation indorser upon a promissory note was liable to an insolvent bank and at the same time had a deposit to its credit in the bank, and it was held that the plaintiff could elect to have such note become due at once and require the bank to set off the same against the deposit in the bank to his credit.

The order should be affirmed, with costs, and the questions certified answered in the affirmative.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur.

Order affirmed.