THE BANK OF UNITED STATES, Plaintiff, *v.* IDA BRAVEMAN, Defendant.

First Department, June 24, 1931.

*Arthur Ofner* of counsel [*Carl J. Austrian*, attorney], for the plaintiff.

*Mortimer Braveman*, for the defendant.

O'MALLEY, J. The plaintiff bank, which, for the purposes of the submission is concededly insolvent, sues the defendant as indorser of a note made by Isidor Braveman, Inc. The defendant seeks to set off against her liability as indorser a sum on deposit to her credit with the plaintiff. The maker of the note is conceded to be solvent.

Were it not for the insolvency of the plaintiff, its counsel admits an absolute right of setoff in the defendant indorser. However, because of such insolvency, it is urged that this right becomes subordinate to the equities of general creditors and their right to an equable and ratable distribution of the assets of the plaintiff. It is urged, therefore, that an allowance of the setoff would result in an illegal preference.

In our view the plaintiff's contention may not be sustained. This is an action at law brought by the insolvent plaintiff, not an equitable proceeding in which the indorser seeks affirmative relief for the allowance of the amount of her deposit as a credit against her indebtedness. In the latter case she would no doubt be charged with the burden of showing facts entitling her to equitable relief, one of which would be that she would be unable to reimburse herself because of the maker's insolvency. (*Curtis* v. *Davidson*, 215 N. Y. 395.) In the case cited the distinction between an action at law by an insolvent, and one in equity by the indorser, is emphasized and made clear by the Court of Appeals.

When the same case was before us (164 App. Div. 597) we squarely held that in an action at law an indorser sued by the receiver of an insolvent bank had an absolute right to set off against his liability on the note the amount of a deposit to his credit in the plaintiff bank, notwithstanding its insolvency, and that no illegal preference resulted thereby. We stated (pp. 598, 599): " The appellant admits that if the action were against the makers of the notes they would be entitled to set off their deposit balances in reduction *pro tanto* of the claims asserted against them, but he claims the allowance of such set-off to an indorser — in the absence of an allegation of the makers' insolvency — would result in an

unlawful preference in favor of the indorser; in other words, that an indorser should not be allowed to set off his deposit balance against his liability on a note without alleging and proving the inability of the maker to pay. I have, however, been unable to find any authority which holds that when the indorser alone is sued his right to set off a balance standing to his credit when the bank became insolvent is dependent upon his alleging and proving the insolvency of the maker, and I can see no good reason why such set-off should not be allowed. The receiver acquired the assets of the bank, subject to all defenses and set-offs which might have been interposed in an action brought by it. (*Scott* v. *Armstrong*, 146 U. S. 499.) Had the bank brought this action instead of the receiver clearly the defendant would have had a right to offset against the plaintiff's claim whatever deposit balance the bank held standing to his credit."

In affirming this decision, the Court of Appeals, speaking through SEABURY, J., stated (p. 398): " The allowance of such a set-off is not a direct preference because where there are mutual demands, the amount of the debt due from one to the other is the difference between these mutual demands. The fact that the indorser may, if the maker is solvent, be indemnified by him in addition to being allowed to set off the amount of his deposit against the insolvent holder, does not preclude the indorser's right of set-off. The possibility of a preference thus resulting to the indorser is speculative and uncertain. In order to defeat the indorser's right of set-off it must appear that he has more than a speculative or uncertain chance of indemnity from the maker. When the indorser seeks equitable relief and proceeds affirmatively against the holder of the note to have the indebtedness of the holder to him set off against his obligation to the holder, it may be that a court of equity would require that he give some satisfactory assurance that he will not be indemnified by the maker. Where the indorser is himself sued he may plead as a set-off the indebtedness of the holder to him and the fact that the holder is insolvent does not deprive the indorser of his right of self-defense. In the presence of mutual demands existing between the holder of the note and the indorser the debt due is the balance that remains after one has been set off against the other. The party claiming that the debt due is more than the balance, which is the *prima facie* amount of the debt, has resting upon him the burden of proving the fact upon which his claim rests."

It is true, as plaintiff's counsel points out, that the decision in *Curtis* v. *Davidson* (*supra*) was concerned with the sufficiency of pleadings alone. It did not appear from their face whether the

maker was solvent or insolvent. However, the language quoted is explicit and seems clearly to hold that the right to set off under the circumstances here disclosed must be allowed.

The case of *Borough Bank of Brooklyn* v. *Mulqueen* (70 Misc. 137), relied upon by the plaintiff, was a Trial Term decision rendered prior to the decision in *Curtis* v. *Davidson (supra)*.

It follows that judgment should be for the plaintiff in the amount of its claim, less the sum of the set off, without costs to either party.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Judgment directed for plaintiff in the amount of its claim, less the sum of the set off, without costs to either party. Settle order on notice.