THE BANK OF THE UNITED STATES, Appellant, *v.* DAVID BILGORE and Another, Individually and as Copartners, Doing Business under the Firm Name and Style of DAVID BILGORE & SON, Respondents.

First Department, June 24, 1931.

*Arthur Ofner* of counsel [*Carl J. Austrian*, attorney], for the appellant.

*Harry Weinberger*, for the respondents.

O'MALLEY, J. The plaintiff bank, concededly insolvent, brings this action to recover upon defendants' guaranty of notes of a third party, held by the plaintiff. The defendants' counterclaim, which has been attacked for insufficiency, is to the effect that prior to and at the time the Superintendent of Banks took possession of the plaintiff, the defendants had on deposit with the plaintiff to their copartnership account a balance in the sum of $28,076.68; that checks drawn by the defendants on the plaintiff to the order of the Superintendent of Banks had been tendered in payment of the notes sued upon with interest; that defendants also demanded that the plaintiff and the Superintendent of Banks set off against the copartnership liability under the guaranty and out of the balance to the credit of the defendants as copartners, an amount sufficient to pay the notes in full; but that such tender and set off had been refused.

A similar question is presented in *Bank of United States* v. *Braveman* (232 App. Div. 640), decided herewith. The solvency of

the maker of the note is conceded. It is likewise conceded that the defendants, as guarantors, are in the same position legally as the defendant indorser in that case. It follows, therefore, that for the reasons stated in our decision in *Bank of United States* v. *Braveman* (*supra*), the right of set off must be sustained.

The order appealed from should be affirmed, with ten dollars costs and disbursements to the respondents.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.