THE BANK OF UNITED STATES, Appellant, *v.* IDA BRAVE-
MAN, Respondent.

(Submitted March 31, 1932; decided April 26, 1932.)

*Arthur Ofner, Warren C. Fielding, Henry L. Bayles* and
*Carl J. Austrian* for appellant. It being conceded that
the maker is solvent, defendant may not set off her
deposit in the insolvent bank against her liability as
indorser on the note. (*Gerseta Corp.* v. *Equitable Trust*

Co., 241 N. Y. 418; *Van Dyck* v. *McQuade*, 85 N. Y. 616; *Fera* v. *Wickham*, 135 N. Y. 223; *Rothschild* v. *Mack*, 115 N. Y. 1; *Curtis* v. *Davidson*, 215 N. Y. 395; *De Camp* v. *Thomson*, 159 N. Y. 444; *Smith* v. *Felton*, 43 N. Y. 419; *Matter of Receiver of Middle District Bank*, 1 Paige, 585; *Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285; *Royal Indemnity Co.* v. *Heller*, 256 N. Y. 322; *New York Central Ins. Co.* v. *National Protection Ins. Co.*, 14 N. Y. 85; *Keon* v. *Saxton & Co.*, 257 N. Y. 412; *Borough Bank of Brooklyn* v. *Mulqueen*, 70 Misc. Rep. 137; *Carnegie Trust Co.* v. *Kistler*, 89 Misc. Rep. 404; *O'Connor* v. *Brandt*, 12 App. Div. 596; *Edmondson* v. *Thomasson*, 112 Va. 326; *Knaffle* v. *Knoxville Banking & Trust Co.*, 128 Tenn. 181; *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185; *Matter of Garfunkel*, 8 Fed. Rep. [2d] 790; *Bryant* v. *Williams*, 16 Fed. Rep. [2d] 159; *Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266.)

*Mortimer Braveman* for respondent. An indorser has an absolute right of setoff in an action at law. (*Knaffle* v. *Knoxville Banking & Trust Co.*, 128 Tenn. 181; *Carnegie Trust Co.* v. *Kistler*, 152 N. Y. Supp. 240; *Curtis* v. *Davidson*, 215 N. Y. 395; *Willoughby* v. *Ball*, 90 Pac. Rep. 1019.) The solvency of the maker does not affect the indorser's right of setoff. (*Curtis* v. *Davidson*, 164 App. Div. 597; 215 N. Y. 395; *Davis* v. *Industrial Manufacturing Co.*, 114 N. C. 321; *Bank of Anderson* v. *Majeski*, 149 S. C. 185; *Streeter* v. *Junker*, 230 Ill. App. 366; *Arnold* v. *Niess*, 1 Walk. 115; *Williams* v. *Coleman*, 190 N. C. 368; *Yardley* v. *Clothier*, 49 Fed. Rep. 337; 51 Fed. Rep. 506; *Williams* v. *Rose*, 218 Fed. Rep. 898.)

*Harry Weinberger, amicus curiæ.* Defendant, being sued alone, may set off her deposit in the insolvent bank against her liability as indorser on the note, though the maker is concededly solvent, defendant not having been indemnified by the maker. (*Curtis* v. *Davidson*, 215 N. Y. 395; *Myers* v. *New York County Nat. Bank*, 36 App. Div. 484; *Agawam Bank* v. *Strever*, 18 N. Y. 512; *Glennan* v.

*Rochester Trust & S. D. Co.*, 209 N. Y. 18; *Scott* v. *Armstrong*, 146 U. S. 507; *Matter of Hatch*, 155 N. Y. 401; *Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418; *Williams* v. *Rose*, 218 Fed. Rep. 898; *Davis* v. *Industrial Mfg. Co.*, 114 N. C. 242; *Arnold* v. *Niess*, 1 Walk. 715; *Hughitt* v. *Hayes*, 136 N. Y. 163.)

HUBBS, J. The parties herein have submitted for determination, pursuant to sections 546–548 of the Civil Practice Act, a question in difference arising upon facts stated in substance as follows:

The plaintiff, a domestic banking corporation, was taken over for the purpose of liquidation by the Superintendent of Banks on December 11, 1930, pursuant to the provisions of article II, section 57, of the Banking Law (Cons. Laws, ch. 2), being chapter 369 of the Laws of 1914, as amended. Prior to that date, defendant had indorsed and transferred to the bank for value before maturity a note made by Isidor Braveman, Inc. On December 11, 1930, the bank was still the owner and holder of that note, which was not then due. On the same date the defendant had on deposit to her credit in plaintiff bank the sum of $155.40. Upon the due date there remained unpaid on the note $1,006.55, with interest. The note not being paid at maturity, it was protested and notice was given to the defendant. The defendant tendered to the bank the amount due on the note less her deposit and demanded the note. The tender was refused upon the ground that the defendant is not entitled to have her deposit offset against the note. The solvency of the maker and its ability to indemnify and repay to the defendant any sum that she may be required to pay on account of her liability as indorser of said note is conceded.

The question submitted is whether under the stipulated facts, the defendant is entitled to set off her deposit against her liability on the note. It is agreed that the court shall render such judgment as may be proper upon the facts, without costs to either party.

A judgment for the amount due on the note less the amount of the deposit has been granted by the Appellate Division.

The submission may be considered as in the nature of an action to recover of defendant as indorser the amount due on the note with a counterclaim for the amount of the deposit. (*Hanrahan* v. *Terminal Station Commission*, 206 N. Y. 494, 504.) The right of the plaintiff to bring such an action cannot be questioned. (Banking Law, § 71.)

We have thus squarely presented the question as to whether in an action at law by the liquidator of a domestic banking corporation to recover of an indorser the amount due on a note maturing after the assets of the bank have been taken over by the liquidator, the indorser is entitled to have offset against her liability on the note a deposit standing to her credit on the books of the bank when taken over where it conclusively appears that the maker of the note is solvent and fully able to indemnify the indorser.

At an early date, upon an application by the receiver of an insolvent bank to the chancellor for instruction, the rule was laid down that if the real debtor was unable to pay, the indorser could offset his deposit with the bank, " but no such offset should be allowed to an endorser where he is indemnified by the real debtor, or where the latter can be compelled to pay." (*Matter of Middle District Bank*, 1 Paige, 585.) (See, also, *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 200.)

Where the proceeding is in equity by an indorser to procure the allowance of an equitable setoff, the applicant for equity must show that he has no adequate remedy at law against the primary obligor. (*Curtis* v. *Davidson*, 215 N. Y. 395; *Bryant* v. *Williams*, 16 Fed. Rep. [2d] 159.) Where an action is one at law, brought by a receiver to recover of an indorser, upon proof of the insolvency of the maker or in the absence of proof of the

maker's solvency, the right of set off exists as to a deposit standing in the name of an indorser. (*Curtis* v. *Davidson, supra; Yardley* v. *Clothier*, 49 Fed. Rep. 337; affd., 51 Fed. Rep. 506.) Apparently but once has the precise question here presented been before a court of this State and in that case it was held that where the maker is solvent the right of setoff does not exist in favor of the indorser. (*Borough Bank* v. *Mulqueen*, 70 Misc. Rep. 137.) The principle has been recognized by courts of other jurisdictions. (*New Farmers' Bank* v. *Young*, 100 Ky. 683; *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 200; *Knaffle* v. *Knoxville Banking & Trust Co.*, 128 Tenn. 181; 130 Tenn. 336; *Davis* v. *Industrial Mfg. Co.*, 114 N. C. 242; *Matter of Garfunkel*, 8 Fed. Rep. [2d] 790; *Edmondson & Reekes* v. *Thomasson*, 112 Va. 326; *Bryant* v. *Williams*, 16 Fed. Rep. [2d] 159.)

The correctness of the decision in the *Mulqueen* case is recognized in *Curtis* v. *Davidson* (*supra*, at p. 398). In the latter case the court said: " In order to defeat the endorser's right of setoff it must appear that he has more than a speculative or uncertain chance of indemnity from the maker."

The principle last stated is based upon the same broad ground applied in *National Surety Co.* v. *Manhattan Co.* (252 N. Y. 247) in denying the right to a bank in an action against it to recover the amount debited to a depositor's account because of the payment of forged checks to set up the negligence of the depositor where the bank had recourse against a solvent guarantor of the signatures on the forged checks. (See, also, *Critten* v. *Chemical Nat. Bank*, 171 N. Y. 219, at 229.)

In an action by a receiver against an indorser in order to prevent a setoff of a deposit, the burden is upon the plaintiff to establish the solvency of the maker. Once that has been established, it becomes apparent that the indorser will be fully indemnified by the maker, upon whom the primary obligation rests, and to allow a setoff

of the deposit under such circumstances to the indorser might permit him to receive full payment of his deposit to the detriment of the general creditors.

The cases cited by the respondent where a setoff has been allowed fall into three classes, illustrated by the following cases where it appeared that the maker was insolvent (*Davis* v. *Industrial Mfg. Co.*, 114 N. C. 242); where there was a lack of evidence as to the solvency of the maker (*Carnegie Trust Co.* v. *Kistler*, 89 Misc. Rep. 404; *Yardley* v. *Clothier*, 49 Fed. Rep. 337; affd., 51 Fed. Rep. 506; *Curtis* v. *Davidson, supra*); where the physical indorser was the actual maker of the note (*Scott* v. *Armstrong*, 146 U. S. 499; *Building & Engineering Co.* v. *Northern Bank*, 206 N. Y. 400).

There are statements in the opinion in the case of *Curtis* v. *Davidson* which standing alone indicate that an indorser is entitled to a setoff of his deposit, whether the maker is solvent or insolvent. The case only decides, however, that the answer therein was sufficient as against a demurrer as neither the complaint nor answer disclosed whether the maker of the note was solvent or insolvent.

The authorities in other jurisdictions are in conflict. Many of them are collated in a note to the case of *Prudential Realty Co.* v. *Allen* (241 Mass. 277; 25 A. L. R. 935).

While principles of justice and equity require that a setoff be allowed where the litigation is between the parties, another equitable principle comes into operation when the litigation is between a depositor and the receiver of an insolvent party. In such a situation, the rights of general creditors have intervened and equity requires that the assets of the insolvent party be equally distributed among such general creditors. (*Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418.) To allow an indorser to set off his deposit when the maker is solvent and able to indemnify the indorser as in this case would enable the indorser to collect the full amount unpaid on the note

from the maker and at the same time receive a larger amount of his deposit than other depositors. Such a result would be inequitable. (*Lippitt* v. *Thames Loan & Trust Co., supra.*)

The rule as stated by Chancellor WALWORTH in *Matter of Middle District Bank* (*supra*), as applied in equity, has never been questioned by any court of this State.

In this jurisdiction, where the same court exercises jurisdiction in both law and equity, no controlling reason exists why the same rule of liability should not be enforced in each court. Indeed, " the courts of law and equity follow the same general doctrines on the subject of set-off." (*Duncan* v. *Lyons*, 3 Johns. Ch. 351, 358; see, also, *Beecher* v. *Vogt Mfg. Co.*, 227 N. Y. 468, 473.)

The judgment should be modified by disallowing the setoff and providing that plaintiff recover of the defendant the sum of $1,006.55, and as thus modified, affirmed, without costs to either party.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.