NEW YORK TITLE AND MORTGAGE COMPANY, in Rehabilitation, Plaintiff, v. IDA FRIEDMAN, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, December 12, 1934.

*Bellinger, Davenport & Welch*, for the plaintiff.

*Riegelman, Hess & Hirsch* [*Eben C. Gould* of counsel], for the defendant.

EDER, J.  Prior to August 1, 1933, defendant purchased what is commonly known as a guaranteed first mortgage certificate, bearing the number 149, in the sum of $500, of an issue known as series N-81, maturing October 1, 1933, with interest at five per cent per annum, payable April first and October first of each year.  The plaintiff guaranteed payment of both principal and interest.  The said mortgage certificate further provided that the plaintiff, at its option, had eighteen months after the maturity date of said mortgage within which to make payment of the principal so guaranteed to the defendant.  The plaintiff evidently did not avail itself of this option; at least, the agreed statement of facts does not say that it did.  Accordingly, therefore, the principal of said mortgage was due and payable on October 1, 1933, the date of its maturity, plus any unpaid interest.

By authority of the relevant provisions of the Insurance Law of this State, the Supreme Court made an order on August 4, 1933, on application of the Superintendent of Insurance, appointing and empowering him to take possession of the property of the plaintiff for the purpose of rehabilitating the same. The order recites that it appears to the satisfaction of the court that the plaintiff " is unable to meet the present and early future demands upon it for fulfillment of its obligations as they mature," and " that the affairs " of the plaintiff " are in such condition that its further transaction of business will be hazardous to its policyholders, its creditors and to the public." And, after due deliberation having been had thereon, the Superintendent of Insurance was, by such order, among other things, authorized and empowered to take possession of the property of the plaintiff " and to conduct the business thereof." The order also contains an injunction enjoining and restraining creditors and policyholders from bringing or prosecuting any action at law or suit in equity against the plaintiff or the Superintendent of Insurance.

The plaintiff, it will be noted, has not been dissolved, nor is it in process of dissolution or liquidation, though its insolvency is the basis of the order directing its rehabilitation, and its insolvency is not disputed. It is a continuing and going concern, under the management and supervision of the Superintendent of Insurance; indeed, the order expressly authorizes and directs that the business of the plaintiff be continued.

Dissolution of a corporation is the termination of its corporate existence in any manner, whether by expiration of the charter, decree of court, act of the Legislature, etc. (Cyc. L. Dict. [2d ed.] p. 318.) It becomes *civiliter mortuus*. Liquidation of a corporation implies the winding up of the affairs of the corporation and settlement with creditors. (*Lafayette Trust Co.* v. *Beggs*, 213 N. Y. 280, 283; *Assets Realization Co.* v. *Howard*, 70 Misc. 651, 676.) Both involve, imply, intend and contemplate the end of the corporate existence. On the other hand, rehabilitation involves, implies, intends and contemplates the continuance of the corporate life and activities, and is the effort to restore and reinstate the corporation to its former condition of successful operation and solvency. (See " Rehabilitation," Funk & Wagnalls Desk Stand. Dict. [Ed. 1927] p. 656.)

It appears that a person of the same name as that of the defendant was the owner and holder of a guaranteed mortgage certificate issued by the plaintiff under its series F-1, in the sum of $9,000, identified as " Series F-1 No. 10300 Special 5000 " and " Series F-1 No. 10618 Special 4000."

On or about August 15, 1933, plaintiff drew two checks, one in the sum of twenty-five dollars and another in the sum of twenty dollars, to the order of " Ida Friedman, 235 West End Avenue, Apt. 14-H, New York, N. Y.," and these checks had noted thereon the series identifications mentioned.

The defendant received these checks, but when receiving and cashing them did not notice or observe these respective notations thereon. These checks were not intended for the defendant but for the other Ida Friedman; as to this there is no dispute.

Of course, it is well settled that when one pays money to another upon the erroneous assumption that he is indebted to him, an action may be maintained for its recovery since the person receiving the money is not entitled to retain what he acquired by the mistake of the person making the payment, even though the mistake is the result of negligence; but, of course, there can be no recovery if by reason of the payment the party receiving it has so changed his position to his prejudice that it would be unjust to require him to refund. (*Ball* v. *Shepard*, 202 N. Y. 247.) To this general rule is another to the effect that if the payment is made to the wrong person, although the payer in fact owes him a debt which is due, and the amount of which is equal to or in excess of the payment, no recovery can be had. (48 C. J. 765, § 324 (4); *Pensacola & At. R. R. Co.* v. *Braxton*, 34 Fla. 471; 16 So. 317.)

The money was unquestionably paid to the defendant by mistake and, unless some legal impediment exists, plaintiff is entitled to recover.

It is urged by the defendant, against plaintiff's right to recover, that the defendant has the legal right to retain this money, even though paid to her by mistake, because the plaintiff is indebted to her in an amount in excess of this sum and, therefore, she may apply it in reduction of such indebtedness, by way of set-off, which she has done.

Asserting that such right of set-off is not available to the defendant, because the plaintiff is being conducted under statutory rehabilitation, plaintiff relies on section 420 of the Insurance Law, on *Bank of United States* v. *Braveman* (259 N. Y. 65) and on *People* v. *Metropolitan Surety Company* (205 id. 135). It also asserts the set-off is not available to the defendant because it is violative of the injunction order.

So far as here pertinent, section 420 of article XI of the Insurance Law, which is entitled " Set-offs," provides:

" 1. In all cases of mutual debts or mutual credits between the insurer and another person, such credits and debts shall be set off and the balance only shall be allowed or paid.

" 2. No set-off shall be allowed in favor of any such person, however, where (a) the obligation of the insurer to such person would not then entitle him to share as a claimant in the assets of such insurer."

I do not agree that the plea of set-off is violative of the injunction order. What it plainly relates to and seeks to enjoin, and does, is any *affirmative* act whereby any law-suit is instituted *against* the plaintiff or the Superintendent of Insurance —" from *bringing* " or " *prosecuting* " any action at law or suit in equity. It certainly does not intend or contemplate preventing one sued *by* the plaintiff or the Superintendent of Insurance from interposing a defense. A construction such as sought by plaintiff would foreclose and debar a person so sued from defending, however righteous and meritorious the defense might be. The validity of such an order (if that be its true purpose) is well open to question, since, from time immemorial, the right of a person to defend actions, civil and criminal, has been recognized in Anglo-Saxon jurisprudence, as well as in all civilized countries. No such deprivation of the right of defense is contemplated by the order and the right of the defendant to interpose any available defense is manifest.

The remaining question is, How far, and to what extent, is the right of set-off available to the defendant?

I do not see that *Bank of United States* v. *Braveman* (*supra*) aids the plaintiff. It is there held that an indorser of a note may not set off against the receiver of an insolvent bank his deposit in such bank, " when the maker is solvent and able to indemnify the indorser." Further, that upon proof of the maker's insolvency or in the absence of proof of the maker's solvency, the right of such set-off exists and that the burden of proof is on the plaintiff to establish the solvency of the maker.

The mortgage in question, which plaintiff guaranteed, was made by the Abbyada Corporation and 40 West Seventy-seventh Street Corporation. No proof of the solvency of these corporations has been made by plaintiff, in which respect it has the burden of proof. Failing in this, the right of set-off exists, unless destroyed by the statute.

*People* v. *Metropolitan Surety Company* (*supra*) involved an appeal from an order confirming a report of a referee disallowing a claim presented to the receiver of the insolvent surety company. The company wrote an undertaking to dissolve an attachment. After the dissolution of the surety company and the appointment of a permanent receiver thereof, judgment was recovered in favor of the attaching creditor. He filed a claim for the amount of the judgment but the receiver rejected it and it was referred to a

referee to hear and determine as to the allowance thereof. He disallowed the claim in that such claims must be valued and determined and their status fixed as of the date of the commencement of the action for dissolution. The ruling was held proper as such liability on the undertaking is uncertain as to time and amount and is not a debt until judgment is recovered. The judgment is the evidence that the liability has finally ripened and coalesced into a debt. But as that judgment was recovered after the dissolution of the surety company and the appointment of a permanent receiver, it resulted that on the date of the commencement of the action for dissolution, all the claimant had was not a debt, but simply a claim. That case, however, is of no controlling significance as to the element of set-off, the concrete question here involved, as it was not an issue. That case is relevant, however, on another feature, to which reference will be later made.

We come, finally, to the statute itself, *i. e.*, section 420 of the Insurance Law. It is of comparatively recent origin (Laws of 1932, chap. 191), and, seemingly, has not been previously construed. The first subdivision thereof clearly recognizes the right of set-off. It is that portion, subdivision 2 (a), which places a limitation on the right. The right of set-off is denied " where (a) the obligation of the insurer to such person would not then entitle him to share as a claimant in the assets of such insurer."

My impression is that this provision definitely limits the right of set-off to a creditor who could participate and share in the distribution of the assets of a corporation upon its dissolution or liquidation and that every other type of creditor is deprived of this right. In the case of a dissolution or liquidation of a corporation, a distribution of the assets is the ultimate objective; in rehabilitation the converse is the purpose, viz., the retention of the assets and the continuance of the corporate life and business. (See *People* v. *Metropolitan Surety Company, supra.*) When section 420 speaks of a " *share* as a claimant *in the assets* of such insurer," it seems to me to contemplate and intend that the right of set-off shall be available only to a creditor of this type.

One can only be such a creditor if on the date of the commencement of the action for dissolution or liquidation of the insolvent corporation it is indebted to him upon an obligation which has become absolute. It cannot rest upon any contingency. If on that date the debt has absolutely matured, such type of debt enables the creditor to share in the assets of the defunct corporation, for the *status* of such creditor is fixed as of the date of the commencement of such action for dissolution or liquidation. " ' It is the day on which the court practically takes possession of the assets

of the company for the purpose of distribution among its creditors, and consequently is the day on which the rights of creditors should be ascertained and the value of their claims determined.' " (*People* v. *Metropolitan Surety Company, supra,* citing *People* v. *Commercial Alliance Life Ins. Company,* 154 N. Y. 95, 98.)

Section 420, in so far as the right to plead a set-off against a corporation in rehabilitation is concerned, relegates a creditor of such corporation to the same status as that which one must occupy in order to participate and share in the assets of a dissolved or liquidated insolvent corporation and puts him on the same footing. By the words " where * * * the obligation of the insurer to such person would *not then* entitle him to *share* as a claimant *in the assets* of such insurer," the Legislature clearly intended to limit the right of set-off and make it available against corporations in rehabilitation to those creditors only who can participate and share in the assets. All others are plainly barred.

On August 4, 1933, the date of the commencement of the rehabilitation proceedings by the Superintendent of Insurance, all the defendant possessed and could prove against the plaintiff was a *claim* against it upon its guaranty, as distinguished from a *debt.* There was no absolute liability at the time but only a contingent one. The mortgage matured October 1, 1933, and plaintiff's liability could not become absolute until then, if the mortgagor defaulted. Suppose on that date a dissolution or liquidation proceeding had been instituted instead of one for rehabilitation. What was the defendant's status on that date? She could not have shared in the assets because on that date she had only a contingent claim against the plaintiff, not one founded upon an absolute debt. That, also, is all she had on the date when the rehabilitation proceedings were begun, and no more.

A creditor holding a claim against a corporation, founded on a contingent liability which has not ripened into an absolute debt on the date of the commencement of rehabilitation proceedings, being likened to one not entitled to share in the assets on dissolution or liquidation, is barred by this provision from pleading a set-off against such corporation in rehabilitation.

As the right of set-off is the sole plea offered by the defendant to justify the retention of this money, and as it is unavailable as a plea, it follows that there is no defense to the action and plaintiff is entitled to judgment. Accordingly, judgment is awarded in favor of the plaintiff and against the defendant, for the sum of forty-five dollars.