## Reist et al. v. Yingst

*Earl V. Compton*, for petitioner.

*William H. Dunbar*, Special Deputy Attorney General, for Secretary of Banking.

Fox, P. J., March 3, 1941.—We have before us a petition by the executrix of the last will and testament of George K. Reist, one of the indorsers on the above-captioned judgment, upon which a rule was granted

upon the Secretary of Banking, who was and is the receiver of the Commercial Trust Company of Harrisburg, Pa., to show cause why the above-mentioned judgment should not be assigned to the use of the said executrix.

The Secretary of Banking, hereinafter called the receiver, filed an answer to the said petition and rule.

Our question is whether or not the rule should be made absolute or discharged.

The petition in substance avers that on January 1, 1931, defendant in the judgment executed and delivered her said promissory note, including letter of attorney to confess judgment; that on the same day the indorsers assigned the said promissory note to the use-plaintiff and thus became surety for the payment of the same; that payments were made by defendant, the maker of the note, to the use-plaintiff on account of the principal in three instalments totaling $250; that the use-plaintiff, the Commercial Trust Company, was taken over by the Secretary of Banking to liquidate the same and that the said note was one of the assets thereof; that the receiver caused judgment to be entered upon the note to the above number and term against the maker of the note, the defendant herein; that the amount of the note at the time of the taking over by the said receiver was $1,100; that the said George K. Reist, one of the indorsers on the note, had on deposit in a checking account with the use-plaintiff in excess of $2,000; that the receiver seized, took over, and charged against the checking account of the said George K. Reist the amount of the balance due on the note, to wit, $1,100, and that the receiver has not paid to the said Reist, who is now deceased, or his executrix any dividends in distribution on account of the said $1,-100, although dividends have been paid to other depositors and to the said George K. Reist on his deposit, over and above $1,100, to the total of 40 percent of the balance; that the seizure of $1,100 by the receiver constitutes an exercise by him of the right of set-off as to

the said George K. Reist, one of the indorsers on the note, and that, therefore, George K. Reist, or his executrix, became subrogated to the rights of the use-plaintiff and became entitled to the use of the judgment aforesaid and prays that the court direct the receiver to mark the judgment aforesaid "now for the use of Lillian R. Reist, executrix of George K. Reist, deceased".

To this petition an answer was filed by the receiver, therein admitting all the averments from 1 to 9, inclusive, in the petition. In paragraph 10 of the answer it is admitted that on taking over the said Commercial Trust Company and its assets the receiver set aside and in an "earmarked" account took from the checking account of George K. Reist the sum of $1,100, being the amount of George K. Reist's contingent liability as co-indorser on the note in question, also that the insolvency of the maker of the note, Martha K. Yingst, has not been established, but denies complete seizure of the said $1,100.

Paragraph 11 of the answer avers that the payment of the 40 percent dividends on the $1,100 has been withheld pending the receiver's endeavors to collect the note indebtedness in the amount of $1,100 from the maker thereof or from one of the three remaining indorsers on the note, the said payments (of the dividends) to be made, however, upon collection by the receiver of the said indebtedness.

In paragraph 12 of the answer it is denied that the setting aside in an "earmarked account" of the said $1,100 from the checking account of George K. Reist constituted an exercise by the receiver of the right of set-off as to the said Reist as guarantor or surety of the said note or was a payment thereof; that the mutuality of interest as between the receiver and the said depositor-indorser has not been established, and the receiver's endeavors to collect the note indebtedness from the maker or the remaining three co-indorsers, as aforesaid, have not been concluded.

In paragraph 13 it is denied that under the conditions by operation of law George K. Reist or his executrix became subrogated to the rights of the receiver against the principal debtor and became entitled to the use of the judgment in question held by the receiver against the maker of the note; but avers that the receiver has no other course consistent with his manifest duty to protect the interest of depositors, other creditors, and stockholders of the closed trust company and to avoid one depositor securing a preference to the disadvantage of depositors as a whole than that which he has taken, and that where the receiver seeks to enforce the liability of an indorser the indorser has the right to set off a deposit balance, whether the one primarily liable on the instrument be solvent or not; such right of set-off does not exist if the principal debtor is solvent and the contended insolvency of the maker has not been established and cannot be established by the receiver, notwithstanding his repeated efforts so to do, and for the receiver to make the set-off and the judgment marked for the use of the executrix of the estate of the said Reist, deceased, would infer a possible recourse by the said estate against the maker of the note, thereby receiving payment in full on a deposit which other depositors will not receive.

In the Department of Banking Code of May 15, 1933, P. L. 565, sec. 701, it is provided that the Secretary of Banking . . ."shall be vested, in his official capacity, with all of the rights, powers and duties of such institution; with the title or the right to possession of all property to which the institution has title or the right to possession, including debts due, and liens and other security therefor; and with the institution's rights of action or redemption." This power, we think, gives the receiver the right of set-off in proper cases.

In the case of Franklin Trust Company of Philadelphia, 319 Pa. 367, 370, it is said:

"As a general rule, a bank may set off the deposit account of a particular creditor against the debt due it by that creditor . . ." And on page 371:

"Mutuality of right in a set-off is not circumscribed by the 'right to bring an action,' but the broader question may be and generally is of importance. Whose money or claims is proposed to be used as a set-off? This is the true equitable principle which governs such questions."

Our attention has not been called to any right on the part of the receiver to "ear-mark" an account for a contingent liability, nor have we been able to find any such authority.

The pleadings admit that the insolvency or solvency of the maker of the note has not been established. This, we think, must be done before any right whatsoever on the part of the liquidator can be exercised in the matter of the checking account of George K. Reist.

In the case of Spurway v. Weintraub, 66 F.(2d) 69, a depositor of the closed bank had a larger balance in his account than the total amount of notes upon which he was an indorser, and he demanded a set-off of the said account against his liability as indorser on the notes. The district court allowed the set-off, but the circuit court reversed and remanded, and on page 69 said:

"If appellee were permitted to liquidate the notes by set-off, he could then hold the makers for their face value if the makers were solvent, and thereby obtain a greater percentage of his deposit in the liquidation of the bank than could other depositors. Equity will not lend itself to this at the suit of the indorser. Curtis v. Davidson, 215 N. Y. 395, 109 N. E. 481, 482. The burden was on appellee as plaintiff in the suit to show with reasonable certainty that the makers were insolvent." (Citing many authorities.) And on page 70:

"We think the District Court was in error in assuming that it might be inferred that the makers of the notes were insolvent. The allegation that plaintiff had

no recourse against the makers of the notes was a mere conclusion without probative force. The judgment rendered was without substantial basis, and must be reversed."

When and if the receiver should bring an action against the liability of Reist as an indorser on the said note, the said Reist could off-set the liability with his checking account.

In the instant case, the receiver contends that he has "ear-marked" the George K. Reist deposit for the latter's contingent liability on the Yingst note. There is no authority in the receiver so to do. He may bring an action against Reist for the whole amount of the balance due on the note. However, if he does this, then Reist may claim the right of set-off. The receiver may not, in any way, attach the account of Reist until his liability to the receiver is established. That we think has not yet been done. Both parties admit that the solvency or insolvency of the maker has not yet been established. The receiver may, however, whether the maker is solvent or insolvent, bring an action against the maker or the indorser, and until he does either or both, the liability of Reist is not conclusively established. And in the absence of a liability on the part of Reist, definitely established, he, not having asked for a set-off, takes the same position as the other depositors of the bank, and is entitled to the dividends that have been distributed. In any event the receiver is not entitled to payment of the note and also the note. He must give up one or the other.

Wherefore, we are of the opinion that the rule must be discharged and the receiver shall pay to Lillian R. Reist, executrix of the estate of George K. Reist, deceased, the same percentage he has paid to the other depositors on the sum withheld, to wit, $1,100.

And now, March 3, 1941, upon due consideration, the rule is discharged.